**John PROUD, Individually and as Next Friend of Heather Proud, a Minor, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 83–2114.

United States Court of Appeals, Ninth Circuit.

Jan. 12, 1984.

David C. Schutter, Honolulu, Hawaii, for plaintiff-appellant.

Mark Bennett, Honolulu, Hawaii, for defendant-appellee.

Before HUG, PREGERSON and NORRIS, Circuit Judges.

PREGERSON, Circuit Judge:

John Proud, individually and as next friend of Heather Proud, a minor, appeals the district court's dismissal of the complaint for failure to state a claim upon which relief can be granted. Plaintiff filed suit in federal court seeking damages under the Federal Tort Claims Act (FTCA), 28

U.S.C. §§ 1346(b), 2671–2680 (1976 & Supp. V 1981), for injuries that Heather Proud sustained in a diving accident at Haleakala National Park.

The United States moved for dismissal and argued that, under the FTCA, the law of the State of Hawaii governs the federal government's liability—and therefore, that the state's Recreational Use Statute, Hawaii Rev.Stat. §§ 520–1 to 520–8 (1976), completely barred the claim.

The district court agreed and dismissed the action pursuant to Fed.R.Civ.P. 12(b)(6).

## STANDARD OF REVIEW

In determining the liability of the United States, the district court interpreted Hawaiian law. We recently granted rehearing en banc to decide whether a "clearly wrong" or a de novo standard applies when the Ninth Circuit reviews a district court's determination of the forum state's law.[1] This issue need not detain us, however, because we must affirm under either standard.

## ANALYSIS

Under the FTCA, the United States is liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674 (1976); see also id. § 1346(b) (1976 & Supp. V 1981) (conferring jurisdiction on district courts to hear money damages claims "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"); *Richards v. United States,* 369 U.S. 1, 6, 82 S.Ct. 585, 589, 7 L.Ed.2d 492 (1962) (interpreting FTCA as rendering federal government "liable in tort as private individual would be under like circumstances").

Hawaii provides some exceptions protecting landowners from liability for injuries occurring on their property. Chapter 520 of the Recreational Use Statute limits the duty of landowners as follows:

> Except as specifically recognized by or provided in section 520–6, an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes.

Hawaii Rev.Stat. § 520–3. Moreover, chapter 520 defines land as

> land, roads, water, water courses, private ways and buildings, structures, and machinery or equipment when attached to realty, *other than lands owned by the government.*

Id. § 520–2(1) (emphasis added). Appellants contend that, because of the definition of "land" in Hawaii Rev.Stat. § 520–2(1), the exemption from liability afforded private individuals should not be extended to the United States government in connection with land it owns.

But appellants overlook the fact that in enacting the FTCA, Congress—not the Hawaii Legislature—determined the tort liability of the United States. And the FTCA specifically provides that the federal government's tort liability is co-extensive with that of a private individual under state law.

We have previously addressed the question whether a state statute applied to federally, as well as privately, held land. In *Simpson v. United States,* 652 F.2d 831 (9th Cir.1981), plaintiff sued the United States under the FTCA for injuries he sustained in a national forest. The precise issue was whether Cal.Civ.Code § 846 (West 1982),[2]

---

**1.** See *Churchill v. F/V Supersonic,* 721 F.2d 666 (9th Cir. rehearing en banc granted Dec. 19, 1983).

**2.** California Civil Code § 846 (West 1982) provides:

> An owner of any estate or any other interest in real property, whether possessory or nonpossessory, owes no duty of care to keep the premises safe for entry or use by others for any recreational purpose or to give any warning of hazardous conditions, uses of, structures, or activities on such premises to persons entering for such purpose, except as provided in this section.
> . . . .

exempting property owners from liability for injuries sustained by persons using the property for recreational purposes, applied to federally held land. When we heard *Simpson,* several of the state's intermediate appellate courts had considered an analogous issue [3] and reached conflicting results. 652 F.2d at 833.

In concluding that Cal.Civ.Code § 846 limited the United States's liability, we thought that the conflict had no effect on our decision:

> How that split among the California courts is resolved is not pertinent to the issue pending here, for the Federal Tort Claims Act makes the United States liable for negligence in the same manner and to the same extent as a private individual would be in similar circumstances. 28 U.S.C. § 2674. Since California Civil Code § 846 doubtless applies to private persons, it must, therefore, also apply in the same way to the United States.

*Simpson,* 652 F.2d at 833 (citing *Phillips v. United States,* 590 F.2d 297 (9th Cir.1979) (per curiam)).

In sum, the United States's liability under the FTCA is that of a private individual, regardless of what a state intends that liability to be. In the present case, the district court properly considered the tort liability of a similarly situated private individual. Under Hawaii Rev.Stat. § 520–3, a private landowner would not be liable for Heather Proud's injuries. Neither is the United States.

The judgment is AFFIRMED. Each side shall bear its own costs.

---

This section does not limit the liability which otherwise exists (a) for willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity[ ] ... or (c) to any persons who are expressly invited rather than merely permitted to come upon the premises by the landowner.

**3.** The issue in those cases was whether Cal.Civ. Code § 846 exempted lands that California or its political subdivisions—such as counties and water districts—owned.