**Leland J. SEYLER and Aileene R. Seyler, husband and wife, Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

Civ. No. 84–3023.

United States District Court, D. Idaho.

Sept. 15, 1986.

Kenneth B. Howard, Kerwin C. Bennett, Howard & Owens, P.A., Coeur d'Alene, Idaho, for plaintiffs.

Maurice O. Ellsworth, U.S. Atty., William R. VanHole, Asst. U.S. Atty., D. of Idaho, Boise, Idaho, for defendant.

## MEMORANDUM OPINION AND ORDER

RYAN, District Judge.

## I. FACTS & PROCEDURE

This action arises out of a one-vehicle motorcycle accident that occurred on July 15, 1981, on a United States Department of Interior, Bureau of Indian Affairs' controlled roadway known as Agency 11, located within the Coeur d'Alene Indian Reservation in Benewah County, Idaho. Plaintiff Leland Seyler, an enrolled member of the Coeur d'Alene Indian Tribe, was injured when a motorcycle that was owned and driven by a friend, and upon which plaintiff was a passenger, could not negotiate a curve in the roadway on Agency 11. Plaintiff was thrown from the motorcycle and sustained serious bodily injuries, including paraplegia.

In March of 1983, plaintiff submitted an administrative claim under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., seeking compensation for his personal injuries. This claim was subsequently denied.

On February 17, 1984, plaintiff and his former wife, Aileene Seyler, filed a Complaint with this court, alleging that Defendant United States was negligent in designing and signing the Agency 11 roadway.

On June 30, 1986, defendant filed with this court a Motion for Summary Judgment. On September 8, 1986, a hearing was held on the motion. All parties were represented by counsel. Defendant has presented three arguments in favor of summary judgment:

1. That the court has no jurisdiction over Plaintiff Aileene Seyler because she has not exhausted her administrative remedies as required by 28 U.S.C. § 2675(a).

2. That the government is shielded from liability for negligent road maintenance under the Idaho recreational use statute, Idaho Code § 36–1604 (1980).

3. That the Idaho recreational use statute is constitutional as set forth in the recent Idaho State Supreme Court case of Corey v. Idaho, 108 Idaho 921, 703 P.2d 685 (1985).

The court will address these arguments in order.

## II. DISCUSSION

### A. Claim of Plaintiff Aileene Seyler

Title 28 U.S.C. § 2675(a) requires a party to exhaust his administrative remedies through the appropriate federal agency before instituting a claim against the United States for money damages for injury or loss of property. The facts are clear in this case, and plaintiffs have not disputed that Aileene Seyler has not exhausted her administrative remedies. Therefore, the court will grant defendant's Motion for Summary Judgment on Plaintiff Aileene Seyler's right for claim to relief.

### B. Applicability of Idaho Code § 36–1604

Plaintiffs invoke jurisdiction of this court under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. The Act provides in part, "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances...." 28 U.S.C. § 2674. Under this Act, liability must be established in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b); Richards v. United States, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962). Defendant United States asserts that Idaho law applies to this federal tort claim action because the

accident in question occurred on the BIA's road in Benewah County, Idaho. It is asserted that the applicable statute is Idaho Code § 36–1604, which, as amended in 1980, provides in pertinent part:

Limitation of liability of landowner.—(a) Statement of Purpose. The purpose of this section is to encourage owners of land to make land and water areas available to the public without charge for recreational purposes by limiting their liability toward persons entering thereon for such purposes.

(b) Definitions. As used in this section:

1. 'Land' means private or public land, roads, trails, water, watercourses, private or public ways and buildings, structures, and machinery or equipment when attached to or used on the realty.

2. 'Owner' means the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises.

3. 'Recreational Purposes' includes, but is not limited to, any of the following or any combination thereof: Hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, water skiing, animal riding, motorcycling, snowmobiling, recreational vehicles, winter sports, and viewing or enjoying historical, archeological, scenic, or scientific sites, when done without charge of the owner.

(c) Owner Exempt from Warning. An owner of land owes no duty of care to keep the premises safe for entry by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes.

(d) Owner Assumes No Liability. An owner of land or equipment who either directly or indirectly invites or permits without charge any person to use such property for recreational purposes does not thereby:

1. Extend any assurance that the premises are safe for any purpose.

2. Confer upon such person the legal status of an invitee or licensee to whom a duty of care is owed.

3. Assume responsibility for or incur liability for any injury to person or property caused by an act of omission of such persons.

■ The court accepts defendant's argument. The accident occurred in Idaho. The court must therefore apply the relevant Idaho law. 28 U.S.C. § 1346(b). It is undisputed in this case that plaintiff was going for a pleasure ride on a motorcycle. Idaho Code § 36–1604 specifically provides that a recreational purpose includes pleasure driving and motorcycling. That federal government property may not be excluded from a recreational use statute for purposes of Federal Tort Claim immunity has been firmly upheld by the Ninth Circuit in *Proud v. United States*, 723 F.2d 705 (9th Cir.1984).

In light of the undisputed facts that Plaintiff Leland Seyler was engaged in a recreational activity at the time of his accident, summary judgment will be granted to the defendant on this issue. The court cannot award damages under the Federal Tort Claims Act against Defendant United States when a state statute, as in this case, would provide immunity to a private individual under like circumstances.

■ The court notes that even if it were found that the Idaho recreational use statute did not provide immunity to the defendant, 28 U.S.C. § 2680 would. Under this provision, discretionary functions of federal employees are excepted from Federal Tort Claims Act liability. The courts have consistently held that construction and maintenance of government roads involve the discretionary function found in 28 U.S.C. § 2680(a), thus barring any claim for liability under the Federal Tort Claims Act. *See Miller v. United States Department of Transportation*, 710 F.2d 656 (10th Cir. 1983); *Wright v. United States*, 568 F.2d 153 (10th Cir.1977); *Fireman's Fund American Insurance Companies v. Unit-*

*ed States*, 482 F.Supp. 893 (D.Or.1979); *First National Bank of Effingham v. United States*, 565 F.Supp. 119 (S.D.Ill. 1983).

### C. *Constitutionality of the Recreational Use Statute*

Summary judgment is also appropriate as to this issue. In the recent case of *Corey v. State of Idaho*, 108 Idaho 921, 703 P.2d 685 (1985), the Idaho Supreme Court held that the Idaho recreational use statute is constitutional, advancing legitimate governmental goals. *Id.* at 923.

Based upon the foregoing and the court being fully advised in the premises,

IT IS HEREBY ORDERED that defendant's Motion for Summary Judgment be, and the same is hereby, GRANTED.