**Rodger L. O'NEAL, Theresa O'Neal, et al., Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 85–4200.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 6, 1987.

Decided Feb. 19, 1987.

Designated for Publication April 16, 1987.

Michael Henderson, Grants Pass, Or., and Edward I. Engel, Portland, Or., for plaintiffs-appellants.

James L. Sutherland, Eugene, Or., for defendant-appellee.

Before GOODWIN and THOMPSON, Circuit Judges, and INGRAM,* District Judge.

PER CURIAM:

Roger and Theresa O'Neal, together with their insurance carrier, Insurance Company of North America, appeal from summary judgment awarded against them upon their separate but consolidated actions brought under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, and alleging negligence on the part of the United States Department of the Interior, Bureau of Land Management, in the construction, maintenance and management of a logging

---

* Honorable William A. Ingram, United States District Judge, Northern District of California, sitting by designation.

road located upon Bureau of Land Management Lands in Oregon. We affirm.

Plaintiffs O'Neal sustained personal injuries and property damage when the road in question upon which they were driving while on a bear hunting expedition allegedly gave way and collapsed, causing their vehicle and themselves to fall off the road and into an adjacent creek bed, with the resultant injuries of which they complain.

The district court granted summary judgment in favor of the defendant United States of America, relying upon the Oregon Recreational Use Statute, ORS 105.655–105.680, finding that the statute exempts the defendant land owner from liability for injuries suffered by plaintiffs while engaged in a recreational use for which they paid no fee or charge upon the land of defendant, there being no contention of reckless conduct on the part of defendant.

The O'Neals raise these contentions upon appeal:

1) The Oregon recreational use statute was not intended to and does not apply to lands owned by governmental entities, but only to lands in private hands.

2) The Oregon Recreational Use Statute is preempted by the revestiture Statute providing for the revesting in the United States of lands previously granted to the Oregon and California Railroad, 43 U.S.C. § 1181, which specifies that the lands revested shall be used for specified purposes including recreation.

3) Congressional policy providing for the compensation of victims of government negligence precludes application of the Oregon Recreational Use Statute.

4) Although the O'Neals paid no fee or charge for their recreational use of defendant's land a fee was in effect paid by receipts derived from timber sales, and having accepted those receipts the defendant is bound to conduct its premises so offered for recreational use and for a consideration in a safe and prudent manner or be liable for its failure to do so.

We review *de novo.*

The specified contentions, except the last, are answered in the defendant's favor by the terms of the Federal Tort Claims Act itself.

"The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages."
28 U.S.C. § 2674.

The applicability of state recreational use statutes to federally owned lands is well established in this circuit. *Proud v. United States,* 723 F.2d 705 (9th Cir.) *cert. denied* 467 U.S. 1252 (1984); *Jones v. United States,* 693 F.2d 1299 (9th Cir.1982); *Simpson v. United States,* 652 F.2d 831 (9th Cir.1981), and is not altered by the intent of the state in the adoption of its statute. *Proud, supra.* It is therefore clear that the maximum liability which defendant can incur is precisely equal to that which may be incurred by a private individual in Oregon in the same circumstances.

Furthermore, the provisions of the revestiture statute affecting Oregon and California railroad lands do not alter the situation. The provisions of 43 U.S.C. § 1181a make it clear that the primary use of the revested lands is for timber production to be managed in conformity with the provision of sustained yield, and the provision of recreational facilities as a secondary use. No duty is thereby established to provide for recreational use. Indeed, the Bureau of Land Management has the power to close or restrict the use of public lands under its management and supervision. 43 C.F.R. § 8364.1; *cf. Otteson v. United States,* 622 F.2d 516 (10th Cir.1980).

The congressional policy of compensating victims of governmental negligence is articulated in *United States v. Muniz,* 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963), which in pertinent part deals with state immunity statutes is not transgressed by the limitation of liability in accordance with the state recreational use statute. The maximum liability to which the United States has consented to be exposed in these circumstances is that set forth in 28 U.S.C. § 2674.

Finally, it is clear that the O'Neals paid no charge for their entry on govern-

ment land. Within the meaning of the Oregon Recreational Use Statute, and with particular reference to ORS 105.655 the word "charge" means:

"... the admission price or fee asked by any owner in return for invitation or permission to enter or go upon the owner's land."

ORS 105.655

Other than the naked assertion nothing is suggested to us founded upon the statute or case law to justify our concluding that the revenues derived from the primary use of timber production constitute as well charges made for recreational use.

The district court did not err in granting summary judgment to defendant.

AFFIRMED.