Leland J. SEYLER and Aileene Seyler, husband and wife, Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

No. 86–4262.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 7, 1987.

Decided Oct. 28, 1987.

Kenneth B. Howard, Coeur D'Alene, Idaho, for plaintiffs-appellants.

Warren S. Derbidge, Boise, Idaho, for defendant-appellee.

Before CANBY, REINHARDT and BEEZER, Circuit Judges.

CANBY, Circuit Judge:

Leland Seyler, an enrolled member of the Coeur d'Alene Indian tribe, appeals the district court's entry of summary judgment against him in this Federal Tort Claims Act (FTCA) suit. Seyler was injured while riding as a passenger on a friend's motorcycle. The ride was taken for pleasure. The motorcycle failed to negotiate a turn on a road maintained by the Bureau of Indian Affairs (BIA). Seyler claimed that the road was negligently designed, maintained and marked by the BIA.

In a published memorandum opinion and order, the district court ruled that the United States was not liable for damages arising from Seyler's motorcycle accident on the Coeur d'Alene Indian Reservation because (1) the government is immune from suit under Idaho's recreational use statute, Idaho Code § 36–1604; and (2) the government is immune from suit under the discre-

tionary function exception to the FTCA, 28 U.S.C. § 2680(a). *Seyler v. United States,* 643 F.Supp. 1027, 1028–29 (D.Idaho 1986).[1] We review the district court's ruling *de novo.* *O'Neal v. United States,* 814 F.2d 1285, 1287 (9th Cir.1987). We reverse.

## DISCUSSION

### 1. The recreational use statute

■ The Federal Tort Claims Act (FTCA) authorizes suits against the United States for damages

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). The FTCA also provides that the United States shall be liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. "[T]he test established by the Tort Claims Act for determining the United States' liability is whether a private person would be responsible for similar negligence under the laws of the State where the acts occurred." *Rayonier Inc. v. United States,* 352 U.S. 315, 319, 77 S.Ct. 374, 376, 1 L.Ed.2d 354 (1957).

Idaho's recreational use statute, Idaho Code § 36–1604, provides that "[a]n owner of land or equipment who either directly or indirectly invites or permits without charge any person to use such property for recreational purposes does not thereby.... [a]ssume responsibility for or incur liability for any injury to person or property caused by an act of [sic] omission of such persons." Idaho Code § 36–1604(d). The statute defines "land" to include roads, Idaho Code § 36–1604(b)(1), and defines "recreational purposes" to include motorcycling, Idaho Code § 36–1604(b)(3). The district

---

**1.** The court also entered summary judgment on Aileene Seyler's claim for relief on the ground that she had not exhausted her administrative remedies. 643 F.Supp. at 1028. She does not appeal this ruling.

court noted that Leonard Seyler "was going for a pleasure ride on a motorcycle" at the time of his accident and concluded that "[t]he court cannot award damages under the Federal Tort Claims Act against Defendant United States when a state statute, as in this case, would provide immunity to a private individual under like circumstances." 643 F.Supp. at 1029.

We think it is clear that the district court misconstrued and misapplied Idaho's recreational use statute. Seyler's accident occurred on Agency Road 11, a two-lane, paved public highway maintained by the Bureau of Indian Affairs. The government's contention, accepted by the district court, is that the recreational use statute applies on *any* road or highway in Idaho. Such a result is clearly absurd. The Idaho legislature cannot have intended to remove tort protection against road defects from all persons who drive for other than business purposes anywhere in Idaho. To apply the recreational use statute to the ordinary street or highway ignores the purpose of the statute, which is to encourage landowners to open land to the public that would otherwise be closed to it. Moreover, application of the statute is particularly egregious in this case. Idaho's recreational use statute applies on its face only to landowners who "invite[ ] or permit[ ] without charge any person to use [their] property for recreational purposes." Idaho Code § 36–1604(d). The landowner is freed from any duty to warn "persons entering for [recreational] purposes." *Id.* § 1604(c). We do not agree that the government "invited" or "permitted" Seyler to use a public highway on his own reservation. Nor is Seyler, while on his tribe's reservation, in a position at all comparable to that of a "person entering" land of another for recreational or any other purposes.

We therefore conclude that Idaho's recreational use statute does not bar plaintiff's suit, and we reverse the district court's order. Our prior decisions are not to the contrary. In *O'Neal v. United States,* 814 F.2d 1285 (9th Cir.1987), we held that Oregon's recreational use statute barred recovery by hunters who were injured while driving on a Bureau of Land Management logging road. *Id.* at 1286–87.

In that case, however, extending tort immunity to logging roads furthered the purpose of the recreational use statute: if liability were imposed in cases like *O'Neal,* the government "might well choose to close the forests to public use rather than bear the heavy burden of maintaining logging roads as public thoroughfares." *Otteson v. United States,* 622 F.2d 516, 519 (10th Cir.1980); *see also Jones v. United States,* 693 F.2d 1299, 1303 (9th Cir.1982) (concluding that recreational use statute applies to ski slope in national park because "[t]he United States could close a park or a part thereof and restrict its use"); Idaho Code § 36–1604(a) (stating that "[t]he purpose of this section is to encourage owners of land to make land and water areas available to the public without charge for recreational purposes"). In the present case, Agency Road 11 *is* a public thoroughfare, and nothing in the record suggests that the Bureau of Indian Affairs (BIA) has anything like a private landowner's power to close the road to public use. Idaho's recreational use statute simply does not apply.

## 2. The discretionary function exception

 The discretionary function exception excludes from the FTCA's ambit "[a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The purpose of the exception is "to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines),* 467 U.S. 797, 814, 104 S.Ct. 2755, 2764, 81 L.Ed.2d 660 (1984). "[I]f judicial review would encroach upon this type of balancing done by an agency, then the exception would apply." *Begay v. United States,* 768 F.2d 1059, 1064 (9th Cir.1985).

In the present case, one of Seyler's claims is that the BIA was negligent in failing to erect speed limit signs on Agency Road 11. The district court ruled *sua sponte* that the BIA's failure to provide

signs fell within the discretionary function exception:

> courts have consistently held that construction and maintenance of government roads involve the discretionary function found in 28 U.S.C. § 2680(a), thus barring any claim for liability under the Federal Tort Claims Act. [citations omitted]

643 F.Supp. at 1029. We disagree. We can find nothing in the record to suggest that the BIA's failure to provide signs resulted from a decision "grounded in social, economic or political policy." *Varig Airlines,* 467 U.S. at 814, 104 S.Ct. at 2765. Moreover, we doubt that any decision not to provide adequate signs would be "of the nature and quality that Congress intended to shield from tort liability." *Id.* at 813, 104 S.Ct. at 2764. The same may be said for at least some other kinds of maintenance decisions. *See ARA Leisure Services v. United States,* 831 F.2d 193 (9th Cir. 1987). Because the record is clearly insufficient for entry of summary judgment on the discretionary function issue, we reverse this part of the district court's order as well.

REVERSED.