Roussell v. USA                      CV-95-247-SD  02/03/97


UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Stephanie Roussell

_____v.                              Civil No. 95-247-SD

United States of America


O R D E R


     This claim brought under the Federal Tort Claims Act for
negligence arose from a one-car accident in the White Mountain
National Forest.

     Before the court is defendant United States' motion to
dismiss for lack of subject matter jurisdiction brought purusant
to Rule 12(b)(1), Fed. R. Civ. P.  Plaintiff objects.


Facts

     On January 9, 1993, plaintiff Stephanie Rousell was driving
her car through the White Mountain National Forest in New Hamp-
shire.  Rousell observed several people and other vehicles in a
recreation area off the main road.  The recreation area, owned
and operated by the United States, provides visitors to the White
Mountain National Forest with access to hiking trails and other
attractions.  Rousell turned off the main road onto the access

road leading to the recreation area.  Ice on the access road allegedly caused Rousell's car to slide into an embankment.  The accident caused the plaintiff chest, back, and head injuries.

Rousell seeks to recover from the United States on a negligence theory for the injuries she suffered as a result of this accident.

## Discussion

The United States, as sovereign, is immune from suit unless it expressly waives that immunity.  <u>Lehman v. Nakshian</u>, 453 U.S. 156, 160 (1981).  The Federal Tort Claims Act, 28 U.S.C. § 1346 (FTCA), is a limited waiver of the United States' sovereign immunity.  The Act provides that the United States "shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances."  28 U.S.C. § 2674.  Under the FTCA, the scope of the United States' liability is tied directly to the scope of liability under the private law "of the place where the act or omission occurred."  28 U.S.C. § 1346(b).

Because this accident occurred in New Hampshire, the liability of the United States is no narrower and, likewise, no broader than the liability of private individuals in "like circumstances" under New Hampshire law.  Traditionally, the common law has governed the system of rights and duties attending

2

the relationship between owners of land and entrants upon that land. However, New Hampshire has, by statute, modified the common law duties owed by owners of land to their land's entrants. The statute provides immunity from common law liability for landowners who make their property available to the public for recreational use. Specifically, the statute provides,

> An owner, lessee or occupant of premises owes no duty of care to keep such premises safe for entry or use by others for hunting, fishing, trapping, camping, water sports, winter sports or OHRVs as defined in RSA 215-A, hiking, sightseeing, or removal of firewood, or to give any warning of hazardous conditions, uses of, structures, or activities on such premises to persons entering for such purposes, except as provided in paragraph III hereof.

New Hampshire Revised Statutes Annotated (RSA) 212:34, I (1989).

It is virtually uncontested that the plaintiff was sightseeing and a recreational visitor when she had her accident on the United States' property. Nonetheless, plaintiff grasps for her common law remedies by invoking the exceptions to the statutory immunity that would otherwise apply. The statute leaves common law liability in place (1) "for willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity," RSA 212:34, III(a), and (2) "for injury suffered in any case where permission [to use the property for recreational use] was granted for consideration," RSA 212:34, III(b).

3

Plaintiff claims that the United States willfully and maliciously failed to guard or warn her of the dangerous icy condition of the access road, rendering an immunity from common law liability inappropriate in this case. As the First Circuit has noted, Collins v. Martella, 17 F.3d 1, 4 (1st Cir. 1994), the meaning of "willful" is left undefined and vague by the statute. At the very minimum, however, willful failure to warn or guard indicates a greater degree of culpability than mere negligence. Otherwise, this exception would swallow a rule designed to immunize landowners for the results of their negligence. Where a landowner who fails to inspect for dangerous conditions may be negligent, willful failure to warn or guard implies that the dangerous condition must be actually known to the landowner. If the landowner disregards a reasonably foreseeable risk that harm will result from the dangerous condition, he is negligent. He is willful, however, only for disregarding harm that is the probable result of the dangerous condition. It is not the unreasonable who fall within the statute's exception; it is those who are blind, by design or otherwise, to the likely and probable harmful results of dangerous conditions on their property. Lastly, the negligent landowner's failure to warn or guard may result from inadvertence, accident, and inattentativeness. Willfulness imports a knowing, voluntary, intentional failure, meaning the

4

landowner considered guarding against a dangerous condition or posting a warning but consciously rejected doing so.

Here, the United States is, at best, negligent; the plaintiff has presented no evidence to support a finding of willfulness. Specifically, there is no evidence (none at all) on the record indicating the United States' awareness of the dangerousness of the access road on which the accident occurred. There is no evidence tending to show a conscious disregard of a probability that someone would be injured on that access road. Plaintiff's invocation of buzz words and raw allegations of willfulness fall far short of the showing necessary to defeat immunity under the Recreation Use Statute.

Plaintiff further attempts to invoke the second exception to statutory immunity by claiming that she paid the United States consideration for the privilege of entering its property. It is undisputed that she paid no fees to enter the property. However, plaintiff claims that, as a taxpayer of the United States, she has paid money that has in turn been used in the operation and maintenance of land owned by the United States. According to plaintiff, her tax dollars constitute "consideration" for purposes of the exception to the recreation use statute.

However, analysis of the caselaw reveals a mountain of authority rejecting the "taxes-as-consideration-argument." Every court that has explicitly addressed this specific contention has

5

rejected it. Kirkland v. U.S., 930 F. Supp. 1443, 1446 (D. Colo. 1996); Lebeter v. United States, 750 F. Supp. 322, 324 (N.D. Ill. 1990); Hamilton v. United States, 371 F. Supp. 230, 234 (Va. 1974). Further, several circuits have implicitly rejected this argument by holding that the United States may take advantage of recreation use statutes immunizing property owners from common law liability. Cagle v. United States, 937 F.2d 1073, 1075 (6th Cir. 1991); Proud v. United States, 723 F.2d 705, 706-07 (9th Cir. 1984); Mandel v. United States, 719 F.2d 963, 966 (8th Cir. 1983); Jones v. United States, 693 F.2d 1299, 1303 (9th Cir. 1982); Simpson v. United States, 652 F.2d 831, 833 (9th Cir. 1981); Otteson v. United States, 622 F.2d 516, 519 (10th Cir. 1980). If payment of taxes permitted the taxpayer to invoke the consideration exception to recreation use statutes, such statutes would never be applicable to the United States, and all the circuits holding otherwise must be deemed to be wrong. While the doctrine of stare decisis is not an inexorable command, this court refuses to move a mountain of authority in absence of a compelling reason to believe that mountain needs moving.

Since neither exception to New Hampshire's Recreation Use Statute is applicable, the United States enjoys immunity from this suit as a landowner who has freely opened its property to others for their recreational enjoyment.

6

## Conclusion

For the above reasons, the defendant's motion to dismiss is granted.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

February 3, 1997

cc:    Craig F. Evans, Esq.
       T. David Plourde, Esq.