**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL T. STRINGER, | No. 14-35988 |
| Plaintiff-Appellant, | D.C. No. 6:13-cv-01902-MC |
| v. | |
| UNITED STATES DEPARTMENT OF AGRICULTURE, (Forest Service), | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted May 12, 2017
Portland, Oregon

Before: BYBEE and HURWITZ, Circuit Judges, and ZOUHARY,[**] District
Judge.

Daniel Stringer brought this action under the Federal Torts Claims Act

(FTCA) against the U.S. Forest Service after sustaining injures in a snowmobile

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

accident on the snowmobile trails of the Deschutes National Forest. The district court dismissed Stringer's complaint under Oregon's recreational immunity statute, Or. Rev. Stat. § 105.682(1). *See* 28 U.S.C. § 1346(b)(1) (waiving sovereign immunity of the United States with respect to torts caused by government employees as long as "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"). We review that dismissal de novo, *see Young v. United States*, 769 F.3d 1047, 1052 (9th Cir. 2014), and now affirm.

Stringer argues that recreational immunity cannot shield the Forest Service from liability because Or. Rev. Stat. § 105.688(3) permits suits against landowners who "make[] any charge for permission to use the land for recreational purposes." Although Stringer acknowledges that the Forest Service does not charge and has never charged *any* individual—including him and those in his snowmobile party—for permission to use the snowmobile trails for recreational purposes, he claims that § 105.688(3) nonetheless applies because the Forest Service has charged *other* individuals for the use of *other* parts of the Deschutes. We disagree. We believe that the Oregon Supreme Court would find Section 105.688(3) applicable only if either the plaintiff or someone in the plaintiff's party was required to pay for access to the land. *Cf. Coleman v. Or. Parks & Rec. Dep't*, 217

P.3d 651, 656 (Or. 2009) (holding that campers who paid to use campsite in state park were not barred from suing the state for injuries sustained while biking on a park trail). Because no one in Stringer's party was required to pay, his claim fails. *See O'Neal v. United States*, 814 F.2d 1285, 1287-88 (9th Cir. 1987) (per curiam) (applying Oregon's recreational immunity statute to bar FTCA claims involving injury on federal land where plaintiffs "paid no charge").

**AFFIRMED.**