David COX, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 87–2856.

United States Court of Appeals, Tenth Circuit.

Aug. 1, 1989.

Bob Burke, Oklahoma City, Okl., for plaintiff-appellant.

William S. Price, U.S. Atty., and William Lee Borden, Jr., Asst. U.S. Atty., Oklahoma City, Okl., for defendant-appellee.

Before McKAY and ANDERSON, Circuit Judges, and BROWN, District Judge.[*]

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Plaintiff-appellant appeals the district court's entry of judgment in favor of the United States on November 30, 1987, after directing a verdict in its favor on November 16, 1987.

Plaintiff sued the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671–2680, for injuries he sustained when he struck an unmarked speed bump while riding his mo-ped on property owned and operated by the United States Corps of Engineers near Lake Eufaula, Oklahoma. Plaintiff contended that the United States was negligent in constructing and marking the speed bump, and that its negligence proximately caused his injuries.

The action was tried to the court on November 16, 1987. At the conclusion of plaintiff's case-in-chief, the United States moved for a directed verdict pursuant to Fed.R.Civ.P. 41(b). It asserted that it could not be held liable for plaintiff's injuries under Oklahoma's recreational use statute, Okl.Stat. tit. 2, § 1301–315 (1981). The recreational use statute limits a landowner's or lessee's liability for injuries that occur on property provided to the public for recreational purposes. The district court

agreed that Oklahoma's recreational use statute applied to the United States and shielded it from liability under the circumstances.

Plaintiff's only argument on appeal regarding Oklahoma's recreational use statute[1] is that the statute should not be applied to the United States. Plaintiff apparently concedes that if the United States could invoke the shield of Oklahoma's recreational use statute, it properly did so under the circumstances of this case.

The basis of plaintiff's argument is that under the language of Oklahoma's recreational use statute, which is contained in the Forestry Code, "persons" who make property available to the public for recreational purposes are shielded from liability. In the definitional section of the Forestry Code, a "person" is defined as "any individual, firm, partnership, corporation, organization or any combination thereof, whether or not incorporated." Okla.Stat. tit. 2, § 1301–102 (1981). Thus, plaintiff argues, the United States is not a "person" within the meaning of the Oklahoma recreational use statute and cannot invoke the statute's protections. We do not agree.

The FTCA sets forth the circumstances under which the United States may be sued, and "[t]he terms of the government's consent to be sued define the court's jurisdiction." *Ewell v. United States*, 776 F.2d 246, 248 (10th Cir.1985). The FTCA only permits suits against the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

---

[*] The Honorable Wesley E. Brown, District Judge, United States District Court for the District of Kansas, sitting by designation.

1. In addition to his argument regarding the recreational use statute, plaintiff argues in his brief on appeal that the discretionary function exception to the FTCA does not deprive the court of subject matter jurisdiction over this action. Although the United States apparently raised the issue of the discretionary function exception to the district court in one or more prior motions, it did not move for a directed

verdict on that basis. Our review of the transcript of the oral motion and the court's oral ruling thereon, with which the court *sua sponte* supplemented the record on appeal, *see* 10th Cir.R. 11.1.1., reveals that the only ground asserted by the United States, and relied on by the court in directing the verdict, was the shield of the Oklahoma recreational use statute. Therefore, since the applicability of the discretionary function exception is not before this court for review, we will not consider that issue.

Plaintiff does not contend that a private person would not be shielded from liability under Oklahoma's recreational use statute under the facts of this case. Under the FTCA, if a private person would be shielded from liability under the statute, the United States must also be shielded. Plaintiff's argument that "[t]he Oklahoma Legislature did not intend to limit the liability of the Federal Government on public lands made available by the government for recreation," (Brief of Appellant at 5) is not relevant to the question of whether the United States is liable to plaintiff here. Congress, not the Oklahoma Legislature, determined the scope of the federal government's tort liability when it enacted the FTCA. This and other courts have applied the same rationale in holding that the United States may invoke the protection of a recreational use statute. *See Ewell,* 776 F.2d at 248–49 (Utah); *O'Neal v. United States,* 814 F.2d 1285, 1287 (9th Cir.1987) (Oregon); *Proud v. United States,* 723 F.2d 705, 706–07 (9th Cir.) (Hawaii), *cert. denied,* 467 U.S. 1252, 104 S.Ct. 3536, 82 L.Ed.2d 841 (1984); *Mandel v. United States,* 719 F.2d 963, 966–67 (8th Cir.1983) (Arkansas); *cf. Klepper v. City of Milford,* 825 F.2d 1440, 1444 n. 5 (10th Cir.1987) (Kansas) (stating in dicta that regardless of the recreational use statute's intent, the federal government's liability would be the same as that of a private individual).

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.