968 F.2d 20
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bruce P. PALMER, Plaintiff-Appellant,
v.
SALT LAKE CITY CORPORATION, a municipal corporation,
Defendant-Appellee.
 No. 91-4068.
 United States Court of Appeals, Tenth Circuit.
 June 25, 1992.
 
 1
 Before STEPHEN H. ANDERSON and BALDOCK, Circuit Judges, and CONWAY,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 JOHN E. CONWAY, District Judge, Sitting by Designation.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Appellant Bruce P. Palmer appeals pro se from the district court's grant of summary judgment to Appellee Salt Lake City Corporation (the "City") on Palmer's claims that the City's zoning ordinances impermissibly preclude him from installing a satellite receive-only antenna in the front yard of his property. Although Palmer raises numerous issues in his appellate briefs, following our review of the record on appeal,[1] we address only those issues raised by Palmer's counsel before the district court, see Toledo v. Nobel-Sysco, Inc., 892 F.2d 1481, 1494 n. 7 (10th Cir.1989), cert. denied, 495 U.S. 948 (1990).
 
 
 6
 We review the district court's grant of summary judgment to the City de novo, applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991). In this case, no material facts are in dispute. See, e.g., R.Vol. II, Tr. at 5. Exercising our jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.
 
 
 7
 Pursuant to the Cable Communications Policy Act of 1984, as amended, the Federal Communications Commission promulgated the following regulation:
 
 
 8
 State and local zoning or other regulations that differentiate between satellite receive-only antennas and other types of antenna facilities are preempted unless such regulations:
 
 
 9
 (a) Have a reasonable and clearly defined health, safety or aesthetic objective; and
 
 
 10
 (b) Do not operate to impose unreasonable limitations on, or prevent, reception of satellite delivered signals by receive-only antennas or to impose costs on the users of such antennas that are excessive in light of the purchase and installation cost of the equipment.
 
 
 11
 Regulation of satellite transmitting antennas is preempted in the same manner except that state and local health and safety regulation is not preempted.
 
 
 12
 47 C.F.R. § 25.104. The City has enacted zoning ordinances, including the following two provisions:
 
 
 13
 SEC. 51-5-6. REAR YARD EXCEPTIONS. The area of a required rear yard shall be open and unobstructed except for the following which are permitted:
 
 
 14
 ....
 
 
 15
 (12). Satellite antennae.
 
 
 16
 SEC. 51-5-7. FRONT YARD EXCEPTIONS. The area of a required front yard shall be open and unobstructed except for the following which are permitted:
 
 
 17
 (1). Fences, walls, or other similar structures ...;
 
 
 18
 (2). Uncovered steps leading to the main building....
 
 
 19
 (3). Eaves or cornices ...;
 
 
 20
 (4). A driveway leading to a properly located garage or parking area ...;
 
 
 21
 (5). Circular driveways ...;
 
 
 22
 Palmer was convicted under section 51-5-7 for having installed a satellite receive-only antenna in his front yard. His suit against the City in district court originally asserted claims pursuant to 42 U.S.C. § 1983 for various constitutional violations and alleged that the City's zoning ordinances, in relation to satellite receive-only antennas, were preempted by federal law under the FCC regulation. However, in his motion for declaratory relief, in his response to the City's motion for summary judgment, and before the district court during hearings, Palmer's counsel limited his arguments to preemption. See R.Vol. III, Tr. at 11.
 
 
 23
 The district court held that section 51-5-7 is not preempted by federal law because it does not differentiate as required by the FCC regulation. R.Vol. III, Tr. at 21. In his motion for relief from judgment, Palmer argued that, because section 51-5-6 provides specifically for satellite antennas, and reading the two provisions in pari materia, differentiation does exist in the City's zoning ordinances such that the threshold requirement of the FCC regulation is satisfied.
 
 
 24
 We affirm the district court because we agree that "no genuine differentiation" exists. R.Vol. III, Tr. at 21. Palmer was convicted for having violated section 51-5-7. Section 51-5-7 does not mention satellite antennas. In other words, no antennas of any kind are allowed in front yards under the City's zoning ordinances. In contrast, section 51-5-6 deals with back yards, a provision that does not apply to Mr. Palmer's property, which, the record indicates, has no back yard. Additionally, that provision allows satellite antennas. Even were section 51-5-6 applicable to Palmer's situation for preemption analysis purposes, it does not prohibit or place unreasonable restraints on the placement or installation of such antennas within back yards.
 
 
 25
 We recognize Palmer's arguments that the practical effect of the City's zoning ordinances, when applied to his property, is to preclude his installation of a satellite receive-only antenna. However, because Palmer limited his arguments before the district court to preemption, we restrict our review to that issue. The ordinance applicable to Palmer's front yard placement of his satellite antenna, section 51-5-7, does not differentiate between satellite receive-only antennas and other types of antennas, and, therefore, is not preempted by FCC regulation 47 C.F.R. § 25.104.
 
 
 26
 The City, in its brief on appeal, requests that we impose sanctions against Palmer for filing a legally frivolous appeal. We decline to impose such sanctions. The judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 *
 Honorable John E. Conway, District Judge, United States District Court for the District of New Mexico, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Pursuant to 10th Cir.R. 10.2.4 and 11.1.1, we have sua sponte supplemented the record on appeal to include the following documents from the district court record: Palmer's Memorandum Supporting Motion for Declaratory Judgment, City's Memorandum in Support of City's Motion for Summary Judgment and Rule 11 Sanctions and in Opposition to Plaintiff's Memorandum Supporting Motion for Declaratory Judgment, City's Memorandum in Opposition for Plaintiff's Motion for Relief from Judgment and Order, and City's Memorandum in Support of Motion for Sanctions Pursuant to Rule 11. See Cox v. United States, 881 F.2d 893, 894 n. 1 (10th Cir.1989)