982 F.2d 530
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Steven William VANLUE, Defendant-Appellant.
 No. 92-5103.
 United States Court of Appeals, Tenth Circuit.
 Dec. 3, 1992.
 
 1
 Before JOHN P. MOORE and TACHA, Circuit Judges, and SAFFELS,* Senior District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 SAFFELS, Senior District Judge, Sitting by Designation.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Defendant Steven William Vanlue, pro se, appeals from the denial of his motion to vacate, set aside, or correct sentence brought under 28 U.S.C. § 2255. We have reviewed and considered the appellate briefs, defendant's traverse, and defendant's motion to expand the record.[1] We exercise jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 6
 Defendant entered into a plea agreement whereby he pled guilty to two counts of an indictment filed against him and two other defendants. The district court accepted defendant's guilty pleas to count three, possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and count seven, using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). The remaining charge against defendant was dismissed.
 
 
 7
 Defendant was sentenced to sixty months' imprisonment and four years' supervised release on count three, and sixty months' imprisonment on count seven, to be served consecutively as required by § 924(c)(1), with three years' supervised release to be served concurrently with the supervised release period for count three. Defendant did not file a direct appeal from the plea proceedings or the sentence.
 
 
 8
 Defendant contends he is entitled to relief from his guilty pleas and sentences because (1) the district court accepted his guilty plea to the firearm charge in violation of Fed.R.Crim.P. 11, (2) he was not advised of all elements of the charges against him, (3) he was denied his constitutional right to the effective assistance of counsel, (4) he was sentenced improperly on the firearm count, and (5) the government breached the plea agreement.
 
 
 9
 A guilty plea entered in technical or formal violation of Rule 11 is not subject to collateral attack; such a violation is neither constitutional nor jurisdictional. United States v. Timmreck, 441 U.S. 780, 783-84 (1979); see also United States v. Williamson, 806 F.2d 216, 221 (10th Cir.1986) ("Even if there had been a violation of Rule 11 as it was construed in 1965, it would not change the outcome of this case."). Relief under § 2255 is not available absent a "complete miscarriage of justice" or a proceeding "inconsistent with the rudimentary demands of fair procedure." Timmreck, 441 U.S. at 783 (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). Furthermore, a collateral attack under § 2255 may not substitute for a direct criminal appeal. Id. at 784 (citing Sunal v. Large, 332 U.S. 174, 178 (1947)).[2]
 
 
 10
 Defendant claims his guilty plea to the firearm charge must be vacated. According to defendant, the transcript does not reveal a factual basis for the charge of possession with intent to distribute a controlled substance. Therefore, he argues, his guilty plea to the charge of using or carrying a firearm during and in relation to a drug trafficking crime, must be vacated for lack of a requisite underlying drug trafficking crime. He further contends he was not informed of the essential elements of the crime, but he does not specify the crime to which he refers, or the elements of which he was not advised.
 
 
 11
 Defendant's claims that the district court did not comply with Rule 11 allege only technical violations of the rule. Moreover, his claims could have been raised on direct appeal, but were not. He did not attempt to raise the issue in a timely motion under Fed.R.Crim.P. 32(d), he did not attempt to withdraw his plea at sentencing, he did not pursue a direct appeal on the issue, and he did not demonstrate prejudice.
 
 
 12
 Furthermore, defendant fails to allege that there did not exist sufficient facts to support his guilty plea; rather, his argument is based solely on his claim that the plea hearing transcript is inadequate. He also does not claim that his plea would have been different if the district court had amplified the factual basis on the record. See Timmreck, 441 U.S. at 784 ("Respondent does not argue that he was actually unaware of the special parole term or that, if he had been properly advised by the trial judge, he would not have pleaded guilty."); see also Lucas v. United States, 963 F.2d 8, 13 (2d Cir.) ("The movant should ... demonstrate that he was prejudiced by the violation because he did not understand the consequences of his plea, or that, if he had been properly advised, he would not have pled guilty."), cert. denied, 113 S.Ct. 270 (1992).
 
 
 13
 Our review of the plea hearing transcript convinces us that the district court properly advised defendant of the elements of each charge to which he pled guilty. Defendant's other complaints of technical violations of Rule 11 do not set forth an injury sufficient to require collateral relief; he has demonstrated neither a "complete miscarriage of justice" nor a proceeding "inconsistent with the rudimentary demands of fair procedure." Timmreck, 441 U.S. at 783. Accordingly, defendant is not entitled to collateral relief for alleged technical violations of Rule 11.
 
 
 14
 Defendant also maintains he was denied effective assistance of counsel. A challenge to the effectiveness of defense counsel in a federal criminal proceeding may be raised by collateral attack under 28 U.S.C. § 2255. Beaulieu v. United States, 930 F.2d 805, 806 (10th Cir.1991). Defendant must show that counsel's performance was constitutionally inadequate and that counsel's inadequacy prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). There exists a strong presumption that the challenged actions of counsel reflect professionally reasonable strategic decisions. Id. at 689. We review the district court's factual findings for clear error. United States v. Owens, 882 F.2d 1493, 1501-02 n. 16 (10th Cir.1989). "[T]he performance and prejudice prongs under Strickland involve mixed questions of law and fact which we review de novo." Id.
 
 
 15
 Defendant alleges his attorney was ineffective because the attorney did not prevent defendant from entering a guilty plea to the firearm charge, where the record does not reflect an adequate factual basis for the underlying drug charge. Again, defendant's argument is based solely on the plea hearing transcript, not on any claim of a real misunderstanding between him and his attorney or a miscarriage of justice.
 
 
 16
 Defendant also alleges his attorney was ineffective for permitting defendant to plead guilty to the separate count based on the firearm. Defendant argues he was subject only to a two-level sentence enhancement for the presence of the firearm under the sentencing guidelines, U.S.S.G. § 2D1.1(b)(1), not to a separate, consecutive sentence as required by 18 U.S.C. § 924(c)(1). He further contends that because the plea agreement states the sentencing guidelines will control the sentencing range, it was a breach of the agreement for the district court to sentence him to a separate sentence on the firearm count, rather than to enhance his sentence by two levels under the guidelines.[3]
 
 
 17
 We reject defendant's claim that he was sentenced unfairly, illegally or in breach of the plea agreement, and therefore, we do not discern ineffective assistance of counsel relative to defendant's sentences. We note that 18 U.S.C. § 924(c)(1) clearly states that its penalty is imposed in addition to any punishment provided for the underlying drug trafficking crime. Here, the plea agreement specified that defendant would plead guilty to the two charges listed in counts three and seven of the indictment, describing each.[4]
 
 
 18
 The plea agreement was in error as to the maximum possible sentence; however, the district court, on the record, advised defendant of the elements and the accurate sentencing ranges for each of the two charges. After the district court stated the correct, but higher, possible maximum sentences, defendant and his attorney conferred off the record. Following the conference, defendant reaffirmed his decision to plead guilty to both counts.
 
 
 19
 Nevertheless, the sentence ultimately imposed on defendant was within the lower range stated in the plea agreement.[5] Therefore, he is not entitled to collateral relief. See United States v. Sisneros, 599 F.2d 946, 949-50 (10th Cir.1979) (collateral relief from sentence not warranted where district court had given incorrect advisement of maximum possible parole term, but defendant received a sentence within the advisement range).
 
 
 20
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Pursuant to 10th Cir.R. 10.2.4 and 11.1.1, we have sua sponte supplemented the record on appeal to include the following documents from the district court record: Defendant's "Motion to Expand the Record Pursuant to Rule 7 Title 28 U.S.C. 2255" and the transcript of the sentencing hearing held on January 18, 1990. See Cox v. United States, 881 F.2d 893, 894 n. 1 (10th Cir.1989)
 
 
 [2]
 "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). On a direct appeal, "when it is determined that a plea of guilty is improvidently accepted by a trial court without full compliance with Fed.R.Crim.P. 11, the plea must be vacated." United States v. Keiswetter, 866 F.2d 1301, 1302 (10th Cir.1989) (on rehearing en banc) (citing McCarthy v. United States, 394 U.S. 459 (1969))
 
 
 [3]
 In his reply brief, defendant suggests his counsel was ineffective, or the government breached the plea agreement, by failing to ensure that he received a two-level reduction for his acceptance of responsibility. Defendant, even if pro se, must allege sufficient facts about material events to preclude the need for speculation by the court as to whether such facts exist. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). Defendant's vague suggestion that he did not receive the sentencing considerations to which the parties agreed is unsupported by assertions of fact. Therefore, it is insufficient to state a claim. See Dunn v. White, 880 F.2d 1188, 1198 (10th Cir.1989), cert. denied, 493 U.S. 1059 (1990)
 
 
 [4]
 The plea agreement states:
 (2) This agreement requires that Mr. Vanlue enter pleas of guilty to Counts Three and Seven of the Indictment charged against him. Count Three charges him with being in possession with Intent to Distribute a Quantity of Amphetamine in violation of Title 21, United States Code, Section 841(a)(1). Count Seven charges him with Using or Carrying a Firearm in Relation to a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c).
 R. vol. I, doc. 64, attach. A, at 1.
 
 
 [5]
 In his traverse, defendant maintains the government agreed to a maximum sentence of between twenty-one and twenty-seven months. The record is utterly devoid of any reference to such an agreement