59 F.3d 179
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Steven WILSON, Petitioner-Appellant,
v.
Michael CARR, Respondent-Appellee.
 No. 94-6373.
 United States Court of Appeals, Tenth Circuit.
 June 26, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner appeals the district court's order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. On appeal, petitioner argues that (1) the prosecutor intentionally withheld exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963), and (2) the prosecutor used peremptory challenges to remove minorities from the jury panel in violation of Batson v. Kentucky, 476 U.S. 79 (1986). Petitioner also argues that the district court erred in failing to hold an evidentiary hearing on his Brady and Batson claims. Exercising jurisdiction pursuant to 28 U.S.C. 1291, we affirm.
 
 
 3
 Petitioner was convicted of first degree murder of his stepdaughter, who also had been raped, in Oklahoma state court and sentenced to life imprisonment. He appealed arguing, among other things, the Brady violation. His conviction was affirmed. Wilson v. State, 737 P.2d 1197 (Okla.Crim.App.1987). Subsequently, he filed an application for state post-conviction relief, which was denied. Petitioner did not appeal the denial of post-conviction relief. Rather, he filed a petition for a writ of habeas corpus in federal district court, which was dismissed without prejudice for failure to exhaust state remedies. Thereafter, petitioner filed a second application for state post-conviction relief. The state district court denied relief, and, again, no appeal was filed. Petitioner later filed a third post-conviction application. The state district court denied the application. The Oklahoma Court of Criminal Appeals affirmed, determining that all grounds for relief either could have been raised on direct appeal or in the prior post-conviction applications.
 
 
 4
 Petitioner then filed this his second petition for writ of habeas corpus in federal district court raising, among other things, the Brady and Batson issues. The petition was referred to the magistrate judge who recommended denial of the petition. After reviewing the state court records, the district court adopted the magistrate judge's recommendation and denied habeas relief. This appeal followed.
 
 
 5
 Petitioner first argues that the prosecutor intentionally withheld exculpatory evidence of experts on the effect of a man's ability to emit sperm after a vasectomy. The record shows that petitioner requested this evidence[2] and that the trial court ordered it to be produced. Petitioner maintains that suppression of the exculpatory evidence undermined confidence in the outcome of the trial and resulted in a fundamental miscarriage of justice.
 
 
 6
 The prosecution's suppression of requested evidence favorable to a defendant violates due process if the evidence is material to the defendant's guilt. Brady, 373 U.S. at 87. The Constitution is not violated every time the prosecution fails to disclose evidence that may be helpful to a defendant. Kyles v. Whitley, 115 S.Ct. 1555, 1567 (1995). To establish a Brady violation, a petitioner must show that (1) the prosecution suppressed evidence; (2) the evidence was favorable to him; and (3) the evidence was material. Banks v. Reynolds, No. 94-5156, 1995 WL 242619, at * 7 (10th Cir. Apr. 26, 1985). "Whether the government was required to disclose certain evidence under Brady is a mixed question of law and fact which we review de novo." Id.
 
 
 7
 In this case, the dispute centers on the third criteria: whether the suppressed evidence was material. "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." United States v. Bagley, 473 U.S. 667, 682 (1985); see Smith v. Secretary of N.M. Dep't of Corrections, 50 F.3d 801, 826 (10th Cir.1995). The materiality of the evidence must be evaluated in light of the entire record[3] to determine whether the evidence "creates a reasonable doubt that did not otherwise exist." Banks, 1995 WL 242619, at * 9 (quotation omitted).
 
 
 8
 In this case, the withheld evidence was cumulative and therefore not material. See Banks, 1995 WL 242619, at * 8. Petitioner presented similar evidence in his defense at trial. Wilson, 737 P.2d at 1206. Our de novo examination of the record leads us to conclude that there is no reasonable probability that the trial result would have been different if the evidence had been disclosed to petitioner, and therefore, no miscarriage of justice occurred, see Bagley, 473 U.S. at 675.
 
 
 9
 Petitioner next argues the prosecutor used peremptory challenges to remove minorities from the jury panel in violation of his rights under Batson, 476 U.S. 79. According to petitioner, four black jurors were dismissed by the prosecution without a statement of race neutral reasons for their dismissal. Although the trial record only shows that one juror was a minority, petitioner contends that an evidentiary hearing would prove four minorities were improperly dismissed.
 
 
 10
 The district court determined this issue was procedurally defaulted in the state courts. Petitioner disagrees, arguing that Batson was decided while his direct appeal was pending, his attorney in the collateral proceedings completely failed to represent him, and failure to consider this claim will result in a fundamental miscarriage of justice.
 
 
 11
 In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.
 
 
 12
 Coleman v. Thompson, 501 U.S. 722, 750 (1991). Because there is no right to counsel to pursue a state habeas appeal, any attorney error leading to a default in state court does not establish cause to excuse default in a federal habeas corpus proceeding, and the petitioner must "bear the burden of a failure to follow state procedural rules." Id. at 754, 757. The fundamental miscarriage of justice exception does not apply in this case because petitioner cannot make "a colorable showing of factual innocence" with his Batson claim. See Steele v. Young, 11 F.3d 1518, 1522 & n. 8 (10th Cir.1993)(quotations omitted). Accordingly, we conclude the district court correctly determined this issue was procedurally defaulted.
 
 
 13
 Petitioner finally argues that the district court should have held an evidentiary hearing on his allegations of Brady and Batson violations. Because the record is sufficient to decide the issues without an evidentiary hearing, petitioner was not entitled to a hearing. See Coleman v. Brown, 802 F.2d 1227, 1242 (10th Cir.1986), cert. denied, 482 U.S. 909 (1987). The district court did not err in failing to hold an evidentiary hearing.
 
 
 14
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Petitioner disagrees with the magistrate judge's characterization of petitioner's request for exculpatory evidence as a general request. Whether the request is characterized as general or specific is irrelevant to the outcome of this appeal
 
 
 [3]
 Under Fed. R.App. P. 10(b)(2), the appellant is given the responsibility of providing us with the appropriate record for appeal. Deines v. Vermeer Mfg. Co., 969 F.2d 977, 978 (10th Cir.1992). "Moreover, 'it is counsel's responsibility to see that the record excerpts are sufficient for consideration and determination of the issues on appeal and the court is under no obligation to remedy any failure of counsel to fulfill that responsibility.' " Id. at 979 (quoting General Order, 10th Cir., Oct. 25, 1990, p. 5); see 10th Cir. R. 10.3. Petitioner has not provided a sufficient record for us to review this argument. Nonetheless, because of the seriousness of a conviction of first degree murder, we sua sponte obtained the record, including the state trial transcript, from the district court. See, e.g., Cox v. United States, 881 F.2d 893, 894 n. 1 (10th Cir.1989)(court sua sponte supplemented record)